Charles D. OSWALD

v.

**LAROCHE CHEMICALS, INC.**

**Civ. A. No. 94–2673.**

United States District Court, E.D. Louisiana.

July 24, 1995.

---

Louis Leo Robein, Jr., Robein, Urann & Lurye, Metairie, LA, Joe R. Whatley, Jr., Patrick F. Clark, Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, AL, for plaintiff.

Edward H. Bergin, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, L. Traywick Duffie, Kurt A. Powell, Charlotte Webb, Hunton & Williams, Atlanta, GA, for defendant.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is "Defendant's Motion in Limine to Limit Damages" filed by Laroche Chemicals, Inc., which was taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS the motion in part and DENIES the motion in part.

### Background

Plaintiff seeks redress pursuant to the Americans With Disabilities Act (hereinafter "ADA"), alleging that he suffered from a disability at all relevant times following work-related injuries and that defendant failed to reasonably accommodate him in terms of his disability for employment. (R.Doc. 1.) The facts of this matter are set forth in detail in the "Order and Reasons" as to defendant's motion for summary judgment. Plaintiff seeks declaratory relief that defendant's practices are violative of the ADA, injunctive relief, compensatory and punitive damages, back pay, costs and expenses and attorneys' fees. *Id.*

Defendant answered, denying that plaintiff was "disabled" under the ADA and contending, among other things, that certain of plaintiff's claims were time-barred. (R.Doc. 16.) Defendant also denied that it discriminated against plaintiff. *Id.*

Defendant brings the instant motion seeking to exclude certain evidence from trial and, in effect, makes two arguments. First, defendant seeks to exclude as irrelevant or as confusing, wasteful or unduly prejudicial certain evidence on the basis that the underlying claims are time-barred. Specifically, defendant argues that any events allegedly occurring before July 26, 1992, the effective date of the ADA, should be excluded. Additionally, any evidence of alleged discriminatory acts occurring more than 180 days prior to the time that plaintiff filed his complaint with the Equal Employment Opportunity Commission (EEOC) should also be excluded as time-barred. Finally, defendant requests an

order that any evidence of any alleged discrimination occurring after May 20, 1994, the date that the EEOC ended its investigation of plaintiff's claims and issued its Notice of Right to Sue to plaintiff are also time-barred and, hence, irrelevant.

Defendant's second contention is that any evidence as to any injuries for which plaintiff may have been compensated as a result of settlement of his workers' compensation claim following an on-the-job injury in April 1991 should be excluded in order to prevent a double recovery by plaintiff.[1] Alternatively, such claims are also irrelevant because they, too, are time-barred.

In opposition, plaintiff does not contest defendant's motion insofar as it seeks exclusion of evidence of any discriminatory events that allegedly occurred prior to the effective date of the ADA. As to any events that allegedly occurred after the Equal Employment Opportunity Commission completed its investigation of plaintiff's claim and issued its Notice of Right to Sue, plaintiff argues that such evidence is relevant because of the continuing obligation of defendant to accommodate plaintiff. Plaintiff contends that he should not have to file separate EEOC claims to explore whether defendant violated this continuing obligation.

As to events occurring after the effective date of the ADA but more than 180 days before plaintiff filed his complaint with the EEOC—the window of time between July 26, 1992, and February 20, 1993—plaintiff argues that these acts fall within the "continuing violation" exception established by Fifth Circuit in employment discrimination cases.

Plaintiff also opposes defendant's motion insofar as it seeks to exclude evidence as to plaintiff's claim for damages for mental anguish as a result of the alleged discrimination by plaintiff, arguing that such damages are separate and apart from any damages for which he has been compensated through a workers' compensation settlement.

### Law and Application

#### I. Relevancy and Prejudice

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that "[a]ll relevant evidence is admissible" except as otherwise provided by the Constitution, laws of Congress, or by the Federal Rules of Evidence or other applicable rules. "Evidence which is not relevant is not admissible." *Id.*

Rule 403 provides, in pertinent part, that, even though evidence may be relevant and, hence, admissible, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Additionally, a court may exclude evidence upon "considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

With these principles in mind, the Court turns to the specific issues before it.

#### II. Time–Barred Events

■ The Court first addresses the uncontested issue raised by defendant, *i.e.*, the excludability of any alleged events occurring before the effective date of the ADA. As set forth in its "Order and Reasons" on defendant's motion for summary judgment, the Court agrees that any evidence as to such discriminatory events is time-barred. As a result, the Court agrees that any such evidence is irrelevant, and it will be excluded.

■ As to events that allegedly occurred after the EEOC completed its investigation, the Court similarly has granted summary judgment due to plaintiff's lack of opposition to that issue. In his response to the motion for summary judgment, plaintiff presented no genuine issues of material fact as to this issue. Here, plaintiff only offers the conclusory statement that defendant's actions after May 20, 1994, are relevant as to its continuing obligation to accommodate plaintiff. Such a bootstrapping argument without further legal or factual support is insufficient to overcome defendant's motion in limine, especially in view of the Court's granting sum-

---

**1.** This work-related accident gave birth to the course of events that brought about this lawsuit.

mary judgment in favor of defendant on this issue.

■ As to the events allegedly occurring after the effective date of the ADA but more than 180 days prior to the filing of plaintiff's complaint with the EEOC, defendant's argument is simple. Allegations of discrimination must be raised with the EEOC within 180 days of the last date that the alleged discrimination took place. *See* 42 U.S.C. Section 12117, adopting by reference 42 U.S.C. Section 2000e–5, which in turn imposes the 180–day requirement at 42 U.S.C. Section 2000e–5(e)(1). Because any evidence of such events are time-barred, they should be excluded as irrelevant, or, alternatively, as confusing under Fed.R.Evid. 403.

In ruling on defendant's motion for summary judgment on this same issue, the Court found that there existed a genuine issue of material fact as to whether any acts of discrimination occurring before February 20, 1993—the 180th day before plaintiff filed his claim with the EEOC—constituted "continuing violations" under the factors set forth in *Berry v. Board of Supervisors of Louisiana State University,* 783 F.2d 1270 (5th Cir. 1986). In view of that ruling, the Court finds it premature at this time to determine whether any evidence of alleged discrimination occurring prior to February 20, 1993, is irrelevant and/or confusing. Therefore, as to this issue, defendant's motion in limine will be denied without prejudice at this time pending introduction of evidence at trial.[2]

### III. Evidence as to Damages Received from Workers' Compensation Settlement

■ Defendant's argument is that plaintiff has already been paid for physical and psychological damages as a result of his worker's compensation settlement, a copy of which defendant attaches to its motion. (Exh. A, R.Doc. 26.) Because plaintiff has already

recovered damages for mental anguish, defendant argues, he is not entitled to a double recovery for mental anguish in this case. Therefore, any evidence as to plaintiff's claim for mental anguish damages should be excluded. Alternatively, defendant contends that such evidence is irrelevant and/or prejudicial.

In response, plaintiff contends that any settlement was only for mental anguish damages arising out of his work-related accident, not any damages for mental anguish arising out of the alleged discrimination by defendant in failing to reasonably accommodate him under the ADA. Plaintiff further contends that his treating psychologist's deposition testimony clearly shows that plaintiff has suffered mental anguish as a result of the alleged discrimination.

Plaintiff's workers' compensation settlement compromised "any and all [of plaintiff's] claims under the Louisiana Worker's Compensation Benefits," including any and all past, present and future claims for such benefits. (Exh. A, R.Doc. 26.) In view of the limited nature of such settlement, the Court finds that plaintiff is not precluded from presenting evidence as to mental anguish *strictly* arising from the alleged discrimination. Any such evidence would be relevant to his claims for damages under the ADA. Defendant's motion is denied as to this issue because it will not result in a double recovery to plaintiff.

### IV. Conclusion

Defendant's motion in limine is meritorious as to any evidence concerning any alleged discriminatory acts that occurred prior to the effective date of the ADA and after the EEOC issued its Notice of Right to Sue to plaintiff. In all other respects, defendant's motion in limine is denied.

Accordingly,

**2.** Plaintiff also argues that evidence of his requests for accommodation and defendant's refusals which occurred more 180 days prior to his filing an EEOC claim relate to defendant's knowledge of his disabling condition and his need for accommodation. In support, plaintiff cites *Finley v. Cowles Business Media,* 1994 WL 665019 (S.D.N.Y. November 23, 1994) for the proposition that prior acts of defendants may

show knowledge or intent. However, *Finley* dealt with prior acts of the defendant as to another employee and how those acts may have shown knowledge or intent. *Id.* at *2–3. Here, there is no allegation of failure to accommodate another employee. Nevertheless, the Court does not have to reach plaintiff's argument as defendant's motion in limine on this issue is denied on other grounds.

IT IS ORDERED that "Defendant's Motion in Limine to Limit Damages" filed by Laroche Chemicals, Inc., is GRANTED IN PART and DENIED IN PART.